UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL L. OUSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:18-CV-0588-G |
| LAURA LYNN RAMIREZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant Laura Ramirez's motion to dismiss for lack of subject matter jurisdiction and for improper venue (docket entry 19). For the reasons stated below, the defendant's motion is **GRANTED** and the plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

### I. BACKGROUND

The plaintiff Samuel L. Ousley is a 28-year-old citizen and resident of Rochester, Indiana. Complaint for Damages ("Complaint") (docket entry 1) at 1. The defendant Laura Ramirez is a 32-year-old citizen and resident of Pasadena, Texas. *Id*.

Ousley alleges that on or about March 13, 2016 Ousley was a passenger in a vehicle driven by Cheryl Thomas on Interstate Highway-45 in Galveston County, Texas. *Id*. at 2. Ousley avers that Cheryl Thomas' vehicle had engine problems and

came to a stop in the middle lane when Ramirez's Kia Soul rear-ended Thomas' car. *Id*. Because of the accident Ousley maintains that he was immediately taken by ambulance to a nearby hospital and that he now suffers permanent and catastrophic injuries. *Id*.

## II. PROCEDURAL HISTORY

On March 3, 2018, Ousley filed his complaint in this court. *Id*. The cause of action underlying Ousley's complaint is negligence, as he alleges that Ramirez: (1) carelessly and negligently failed to maintain a proper lookout ahead of her vehicle; (2) carelessly and negligently failed to keep her vehicle under proper control; (3) failed to exercise reasonable care to alter or divert the course of her automobile so as to avoid a collision; (4) carelessly and negligently failed to apply the brakes of her vehicle in time to avoid an accident; and (5) carelessly and negligently operated her vehicle at an unreasonable rate of speed under the circumstances. Complaint at 3. Ousley maintains that diversity jurisdiction is the basis for this court's subject matter jurisdiction because Ousley is a citizen of Indiana, Ramirez is a citizen of Texas, and "the amount in controversy exceeds $75,000.00." *Id*. at 1. Moreover, Ousley claims that venue is proper in the Northern District of Texas, because a substantial portion of the acts or events giving rise to the plaintiff's claim took place "within the geographical boundaries of Texas." *Id*. at 2.

On April 4, 2018, this court issued two separate orders. The first order required that within 15 days of April 4, 2018, the plaintiff's counsel shall either (1) provide to the court, and to the clerk of this court, satisfactory documentation of membership in this court's bar or (2) apply for membership in the bar of this court or for admission *pro hac vice*. Order (docket entry 5) at 1. The second order required that within twenty days of April 4, 2018, the plaintiff should file the entry of appearance of local counsel pursuant to Local Rule 83.10(a) and that failure to do so would result in dismissal without prejudice. Order (docket entry 6) at 1. On April 17, 2018, the plaintiff's counsel filed his first motion for an extension of time to comply with this court's April 4th orders. First Motion for an Extension of Time (docket entry 9) at 1. This court then granted the plaintiff's first motion for an extension of time, thereby giving the plaintiff's counsel until May 21, 2018 to apply for membership in the bar of this court or to apply for admission *pro hac vice*, and to file the entry of appearance of local counsel. Order Granting Plaintiff's Motion to Extend Time (docket entry 10) at 1.

Unfortunately for the plaintiff, the plaintiff's counsel failed to comply with the May 21 deadlines, and this court dismissed the plaintiff's complaint without prejudice on May 22, 2018. First Dismissal Order (docket entry 11). Shortly thereafter, on May 31, 2018, the plaintiff's counsel filed his first motion to vacate this court's dismissal order. First Motion to Vacate Dismissal (docket entry 12) at

1-2. The plaintiff's counsel claimed that he did not comply with this court's May 21 deadlines because he calendared the dates incorrectly and believed he had until June 21 to comply with this court's order. *Id*. at 1. This court then granted the plaintiff's motion to vacate on June 4, 2018, and issued an order reinstating the plaintiff's case. Order Reinstating Case (docket entry 13) at 1. In the same order reinstating the case, this court informed the plaintiff's counsel that he would need to file an entry of the appearance of local counsel and either apply for admission to this court's bar or apply for admission *pro hac vice* by June 25, 2018. *Id*.

Plaintiff's counsel then filed a second motion for an extension of time to comply with the court's June 25 deadline. Second Motion to Extend Time (docket entry 14) at 1. This court granted the plaintiff's motion, giving the plaintiff until August 25, 2018 to file an entry of the appearance of local counsel and to either apply for admission to this court's bar or to apply for admission *pro hac vice*. Order Granting Plaintiff's Second Motion to Extend Time (docket entry 15) at 1. On August 23, 2018, the plaintiff's counsel filed his third motion to extend time. Third Motion to Extend Time (docket entry 17) at 1. Again, this court granted the plaintiff's motion, thereby giving the plaintiff's counsel until October 22, 2018 to file an entry of the appearance of local counsel and either apply for admission to this court's bar or to apply for admission *pro hac vice*. Order Granting Plaintiff's Third Motion to Extend Time (docket entry 18) at 1.

While the plaintiff's counsel sought extensions to comply with this court's orders, Ramirez filed a motion to dismiss for lack of subject matter jurisdiction and improper venue on August 29, 2018. In her motion, Ramirez alleges that the plaintiff did not satisfy his burden of pleading that this court has diversity jurisdiction, because the plaintiff's complaint made only a bare allegation that the amount in controversy exceed $75,000.00. Motion to Dismiss (docket entry 19) at 3. Specifically, Ramirez argues that the plaintiff's claims that he had to treat unspecified injuries to lessen pain and suffering, that he incurred medical bills in an unspecified amount, and that he sustained and unstated amount of lost wages are insufficient evidence to support the claim that the amount in controversy in this case exceeds $75,000.00. *Id*. Moreover, Ramirez also avers that the Northern District of Texas is not the proper venue for this suit, since neither the plaintiff nor defendant lives in the Northern District and because the accident giving rise to the cause of action occurred in Galveston County, which is located within the Southern District of Texas. *Id*. at 4-5.

On October 2, 2018, the plaintiff's counsel filed a response to Ramirez's motion to dismiss. Response (docket entry 22) at 1. In the response, the plaintiff's counsel admits that venue within this district is improper and that venue lies within the Southern District of Texas. *Id*. at 4. Nevertheless, the plaintiff's counsel argues that this court should transfer this case to the Southern District of Texas in the

interest of justice under 28 U.S.C. § 1406.  *Id*. at 4-5.  The plaintiff's counsel argues that it is in the interest of justice to transfer this case because the statute of limitations for the plaintiff's claim ran on or about March 13, 2018, and if dismissed the plaintiff will be unable to re-file his action.  *Id*.  The plaintiff's counsel did not address the defendant's argument concerning subject matter jurisdiction, however.  *Id*. at 3-6.

Ramirez filed her two-page reply on March 18, 2018.  Reply (docket entry 23) at 1-2.  In the reply, Ramirez reiterates that the plaintiff failed to proffer evidence that his claims exceed $75,000.00 and thereby failed to meet his burden of establishing subject matter jurisdiction.  *Id*. at 1.  Moreover, Ramirez emphasizes that the plaintiff conceded that venue is improper.  *Id*.

After Ramirez filed her reply, but before this court could rule on her motion, the plaintiff's counsel filed his fourth motion for an extension of time to comply with this court's October 22 deadlines.  Fourth Motion to Extend Time (docket entry 24) at 1.  On October 29, 2018, this court denied the plaintiff's fourth motion for an extension of time as moot since the plaintiff's counsel, Bobby Saadian, became a member of the Bar of the Northern District of Texas on October 2, 2018.  Order Denying Plaintiff's Fourth Motion to Extend Time as Moot (docket entry 25) at 1.  In the same order, this court informed the plaintiff's counsel that within twenty days

of October 29, he must file the entry of appearance of local counsel pursuant to Local Rule 83.10(a) and that failure to do so would again result in dismissal. *Id*.

Once again, the plaintiff's counsel failed to comply with this court's deadlines, and on November 20, 2018 this court dismissed the plaintiff's complaint without prejudice for failure to comply with Local Rule 83.10(a). Second Order of Dismissal (docket entry 26) at 1. On December 15, the plaintiff's counsel filed a second motion to vacate dismissal, in which the plaintiff's counsel admitted that dismissal was the result of his "inadvertence and mistake." Second Motion to Vacate (docket entry 27) at 1. Specifically, the plaintiff's counsel alleged that he drafted the notice of appearance and intended to file it timely, but that his staff failed to file the notice on time. *Id*. Additionally, the plaintiff's counsel implored this court to vacate the dismissal because if the dismissal were not vacated, the plaintiff would be unable to re-file his complaint due to the statute of limitations. *Id*.

On January 15, 2019, this court granted the plaintiff's second motion to vacate dismissal and issued an order reinstating this case. Second Order Reinstating Case (docket entry 29). Now that this case has been reinstated, Ramirez's motion to dismiss is ripe for review.

III. ANALYSIS

A. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 192 (5th Cir. 1994) (internal citations omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied* 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of

disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

Because Ousley claims diversity jurisdiction forms the basis of this court's subject matter jurisdiction, this court must determine whether Ousley has satisfied his burden of establishing diversity jurisdiction. For a district court to have diversity jurisdiction, the parties must be diverse in citizenship and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332 (2012). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *Saint Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Furthermore, "[i]t has long been recognized that unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (citing *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)(internal citations omitted)). "[H]owever, . . . this 'legal certainty' test has limited utility – in fact is inapplicable – when, [as in this case], the plaintiff has alleged an indeterminate amount of damages." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995)).

Where a plaintiff alleges an indeterminate amount of damages or pleads bare allegations of jurisdictional facts, the Fifth Circuit has found it helpful to apply the

procedures developed in cases concerning removal from state court to federal court, where the amount in controversy is in dispute. *Id*. These procedures require that district courts to first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. *Id*. If not apparent, then the district court may rely on summary judgment type evidence to ascertain the amount in controversy. *Id*.

B. Application

Here, Ramirez does not dispute that both parties are diverse in citizenship. *See generally* Motion to Dismiss. Ramirez's motion to dismiss for lack of subject matter jurisdiction is thus limited to whether the plaintiff has satisfied his burden of establishing that the amount in controversy exceeds $75,000.00. After reviewing the plaintiff's complaint, this court concludes that Ousley has failed to raise his claim above the jurisdictional threshold.

Because Ousley's complaint makes only the bare allegation that "[t]he amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest in costs[,]" Complaint at 1, this court must follow the same procedures as a removal case and begin by reviewing the plaintiff's complaint to determine whether it is facially apparent that the plaintiff's claim exceeds the jurisdictional amount. See *Saint Paul Reinsurance Co.* 134 F.3d at 1253. In the complaint, Ousley makes the claims that he is entitled to damages in an unspecified amount for: (1) his medical

bills related to his treatment for injuries sustained as the result of the accident, including costs for engaging physicians and radiologists, as well as costs for x-rays and medicines; (2) lost wages resulting from missed time from work; and (3) a reduction in his quality of life. Complaint at 4. The plaintiff's complaint does not include any exhibits or affidavits to back up his assertion that his damages exceed $75,000.00. *Id.* Because Ousley's complaint alleges damages in an unspecified amount and provides no external evidence to support his allegation that the amount in controversy exceeds the jurisdictional threshold, this court concludes that it is not facially apparent that the plaintiff's claims exceed the jurisdictional amount. See *Smither v. Northeast Mississippi Community College*, No. 1:16-C-00119-GHD-DAS, 2017 WL 3085860, at *3 (N.D. Miss. 2017) (concluding that it was not facially apparent that the plaintiff's claims exceeded the jurisdictional threshold where the plaintiff's complaint alleged damages of an indeterminate amount and claimed "the amount in controversy exceeds $75,000").

Since it is not facially apparent from Ousley's complaint that the amount in controversy exceeds $75,000.00, this court must look to "summary judgment-type" evidence to determine whether the plaintiff has established by a preponderance of the evidence that his claims exceed the jurisdictional amount. *Saint Paul Reinsurance Co.*, 134 F.3d at 1253. Here, Ousley has provided no additional evidence to support his claim that the amount in controversy exceeds $75,000.00. In fact, in the response to

Ramirez's motion to dismiss, Ousley's counsel failed to address Ramirez argument concerning subject matter jurisdiction entirely. *See generally* Response. Accordingly, this court finds that there is no additional evidence to support Ousley's claim that the amount in controversy exceeds $75,000.00. This court thus concludes that Ousley has not satisfied his burden of establishing diversity subject matter jurisdiction.

      This court understands the concerns of the plaintiff's counsel that if this case is dismissed, the plaintiff will be unable to refile his claim in another court because the statute of limitations ran on or about March 13, 2018. This court would like to remind the plaintiff's counsel of Section 16.064 of the Texas Civil Practice and Remedies Code, which tolls the statute of limitations for an action "between the date of filing an action in a trial court and the date of a second filing of the same action in a different court" if the court where the first action was filed is dismissed because of lack of jurisdiction. TEXAS CIVIL PRACTICE & REMEDIES CODE § 16.064. Once dismissed, the plaintiff's counsel will have "not later than the 60th day after the dismissal" to commence the action in a court of proper jurisdiction, here a Texas state court. *Id*.

## IV. CONCLUSION

For the reasons stated above, Ramirez's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. Judgment will be entered dismissing this case for lack of subject matter jurisdiction.

**SO ORDERED.**

January 15, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**